UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00169-TWP-TAB |
| | ) | |
| TIERRE MOORE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Directing Filing of Notices Concerning Exhaustion of Administrative Remedies
And Lifting Ex Parte Restriction**

Defendant filed a Motion for Compassionate Release pursuant to the First Step Act of 2018. Dkt. 50. That motion was filed ex parte. The Court appointed counsel to represent Defendant, dkt. 53, and counsel has now appeared, dkt. 54.

Requests for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has held that the exhaustion requirement is not jurisdictional but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, Dkt. 66 (S.D. Ind. Apr. 21, 2020). Defendant's motion does not address whether he has exhausted his administrative remedies.

Accordingly, within 7 days of date of this Order, Defendant's counsel shall file a notice stating whether Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). If he has not, Defendant's counsel shall state the status of any efforts to exhaust. If Defendant is not seeking relief under § 3582(c)(1)(A)—but rather another section of the First

Step Act that does not require exhaustion—Defendant's counsel shall so state. Within 7 days after Defendant's counsel files this notice, the United States shall file a notice stating whether it will waive the exhaustion requirement in this case.

The **clerk is directed** to lift the ex parte restriction associated with the defendant's motion. Dkt. 50. The United States must be able to review the motion in order to formulate a response. In addition, the Court was unable to identify any statement that would be considered particularly sensitive or require redaction under Rule 5.2 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date:   4/24/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel