UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00169-TWP-TAB |
| | ) | |
| TIERRE MOORE, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Denying First Step Act Motion Without Prejudice**

Defendant filed a pro se motion that the Court construed as a Motion for Compassionate Release pursuant to the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 50. He noted that he was currently serving a state sentence and asked the Court to "consider running [his federal] sentence concurrent to his State commitment and immediately taking jurisdiction and custody, transferring him into federal custody; and/or granting him a compassionate release from further incarceration." *Id.* at 2. The Court appointed counsel to represent Defendant, dkt. 53, and also ordered the parties to file notices advising the Court whether Defendant had exhausted administrative remedies as required by § 3582(c)(1)(A), dkt. 56.

On May 4, 2020, Defendant's attorney filed a responsive notice and stated that, based on the information presently available, Defendant is currently in the custody of the Indiana Department of Corrections ("IDOC"), and not in the custody of the federal Bureau of Prisons ("BOP"), so he is unable to submit a written administrative request to the BOP at this time. Dkt. 57.

On May 6, 2020, the government filed a notice stating that it would not waive exhaustion of administrative remedies in Defendant's case. Dkt. 58. The government also attached documents showing that Defendant is currently in the custody of IDOC while serving a four-year state sentence and that he is due to be released and begin serving his federal sentence on December 10, 2021. Dkts.

58-1, 58-2. The government explained that it "is unclear what authority, if any, the Court has to remove [Defendant] from state custody following the imposition of a lawful state sentence" or "how 18 U.S.C. § 3582 authorizes this Court to grant compassionate release from a state sentence." Dkt. 58 at 3.

Based on the government's notice, the Court ordered Defendant to show cause why his Motion for Compassionate Release should not be denied without prejudice. Dkt. 59. Defendant's counsel filed a response stating that he had "suggested a resolution of the case to his client" but had not received a response to his suggested resolution. Dkt. 62. Counsel also stated that he "has no further response to the Government's notice and acknowledges the Defendant is still in the custody of the State of Indiana and not in the custody of the Bureau of Prisons." *Id.* He concluded by saying, "Consequently, it does not appear the Defendant can take advantage of relief under the First Step Act." *Id.*

The Court agrees. This Court has held that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but that the Court may not waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *cf. United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015). Here, Defendant has not initiated, much less exhausted, his administrative remedies, and the government refuses to waive the requirement. In addition, the Court agrees with the government that there is no apparent authority for this Court to remove Defendant from state custody or relieve him from his state sentence[1]. It appears that Defendants counsel also concedes to this point.

Accordingly, Defendant's Motion for Compassionate Release, dkt. [50], is **denied without prejudice**. Defendant may file a new motion, if appropriate, when he is in the custody of the BOP and has exhausted his administrative remedies.

---

[1] The Indiana Supreme Court and other state officials have issued a statement regarding COVID release opportunities for Indiana's prisoners. *See* https://www.in.gov/judiciary/files/covid19-2020-0403-release-assessment-local-effort.pdf.

**IT IS SO ORDERED.**

Date: 5/28/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel